For petitioner: Nathan W. Littlefield.

For respondent: Swan & Keeney.

---

239

William Dobbs
vs.        } Eq. No. 295
Samuel Tetlow et. al.

RESCRIPT

October 24, 1918

SWEENEY, J. Heard July 31st on motions of respondents Tetlow and Arnold to vacate the order of the Court entered June 24th, 1918.

This case came on to be heard before me June 10, 1918, on bill, answer and proof, in accordance with issues of fact framed by the complainant Dobbs and respondent Tetlow in pursuance of an agreement assigning the case for trial June 10, 1918. The respondent's solicitor immediately claimed that the Court ought not to proceed with the case because the respondent had sold and conveyed his land to Herbert Arnold and that the Court could not grant the mandatory injunction prayed for in the bill to compel the respondent Tetow to go upon said land now owned by Mr. Arnold and restore the complainant's pipes to their original and former condition. It appeared from the statement of the complainant's solicitor that a lis pendens notice had been filed at the Town Clerk's office at Johnston, but upon examination of the copy of this notice it appears that there was a fatal error in it on account of the misdescription of the land affected by the notice, because it described the land of the complainant instead of the land of the

respondent. The present solicitors for complainant are not responsible for this error as they did not enter an appearance in the case until more than four years after the filing of the bill.

The Court was of the opinion that it could not grant the relief prayed for inasmuch as the respondent Tetlow did not then own the land and that the Court had no authority to order the respondent Tetlow to go upon the land of Mr. Arnold. The complainant's solicitor then asked the Court for permission to amend his bill by making Mr. Arnold a party respondent, stating that he thought he could show that Mr. Arnold had notice of the pendency of the bill of complaint at the time that he purchased the property from the respondent Tetlow. The Court granted this request and the case was then passed.

June 12, 1918, complainant filed a written motion that he be allowed to amend his bill of complaint and join in the amended bill Herbert Arnold as a new party respondent, and this motion was heard before me in chambers June 15, 1918, and orally granted against the objection of the respondent Tetlow on the condition of the payment of $10 costs to respondent Tetlow, and a formal written order granting said amendent was ordered entered on the 24th of June, 1918, by the Honorable George T. Brown, Associate Justice of this Court. This order decrees "that the complainant may and hereby is allowed to amend his bill of complaint and that a copy of such amended bill of complaint shall be filed in the office of the Superior Court on or before June 24, 1918"; * * * * "that the said Herbert Arnold may be and hereby is made a party respondent to said amended bill of complaint" * * * .

June 24, 1918, the amended bill of complaint was filed and July 2, 1918, respondent Tetlow filed a motion asking that the order entered June 24, 1918, be vacated and that he might be heard in reference to the matters set forth in said order, and July 6, 1918, respondent Arnold filed a motion asking that the order entered June 24, 1918, be vacated.

The permission to amend the bill by joining Herbert Arnold as a party respondent was granted upon the statement made to the Court by complainant's solicitor that he thought that he could show Arnold had notice of the pendency of the bill of complaint at the time that he purchased the property, and therefore the amendments to be incorporated in the new bill of complaint should be limited to such averments as areneces-limited to such averments as are neces-Court did not intend to give permission to the complainant to amend his bill of complaint against respondent Tetlow except insofar as the original bill might be affected by the averments necessary to make Mr. Arnold a party respondent. The Court has examined the amended bill of complaint filed June 24, 1918, and in its opinion it has many new averments of fact against the respondent Tetlow and against the respondent Arnold, which are beyond the allegations necessary to state that respondent Arnold had notice of the pendency of the original bill of complaint at the time that he purchased the property from the respondent Tetlow, which ought to be expunged from the amended bill of complaint because they are outside of the purview of the permission granted to make Mr. Arnold a party because he had notice of the pendency of the bill of complaint at the time he purchased the property.

The solicitors for the parties may confer and agree upon the averments of fact to be stricken out of the amended bill of complaint in accordance with this rescript, and if they cannot agree, the Court will indicate what averments of fact ought to be stricken out of said bill of complaint.

For complaint: Gardner, Pirce & Thornley.

For respondent: Waterman & Greenlaw and Quinn and McKiernan.